UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE A. HART,<br><br>         Plaintiff,<br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>         Defendant. | CASE NO. 10cv5788-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 8, 2011 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976).

After considering and reviewing the relevant record, the undersigned finds that the Court should grant defendant's request to remand this matter to the administration for further proceedings, pursuant to 42 U.S.C. 405(g), sentence four (see Defendant's Brief Requesting Remand for Further Administrative Proceedings, ECF No. 24). See also Shalala v. Schaefer, 509 U.S. 292, 296-97 (1993). As conceded by defendant, judgment should be for plaintiff (see Defendant's Brief Requesting Remand, ECF No. 24, p. 3 n.1).

## PROCEDURAL HISTORY

On September 7, 2010, the Appeals Council denied plaintiff's request for review of the written decision by the Administrative Law Judge (hereinafter "the ALJ") denying plaintiff's application for disability insurance benefits (see Tr. 102). Therefore, this written decision by the ALJ is the final agency decision subject to judicial review. See 20 C.F.R. § 404.981.

On October 26, 2010, plaintiff filed a complaint in this Court, seeking judicial review of the written decision by the ALJ (ECF No. 1). In her opening brief, plaintiff requests for relief that the Court reverse defendant's final decision with a direction for an award of benefits, or, in the alternative, that the Court reverse and remand this matter to the administration for further consideration pursuant to 42 U.S.C. § 405(g), sentence four (ECF No. 17, p. 2).

On June 6, 2011, defendant filed a Brief Requesting Remand for Further Administrative Proceedings, (ECF No. 24), in which defendant concedes that the ALJ's written decision failed to address plaintiff's alleged mental impairment (see id., p. 2). Defendant also concedes that, following a proper evaluation of the evidence, "the ALJ should, to the extent appropriate, reconsider Plaintiff's impairments, credibility, residual functional capacity, and Plaintiff's ability to perform past relevant work or other work existing in significant numbers in the national economy" (id.). The Court agrees with the concessions of defendant.

## DISCUSSION

The Court notes that the only relief that would not be afforded plaintiff by defendant's concessions and the adoption of this Report and Recommendation is the request for relief that this Court remand this matter for a finding of disability and a direct award of benefits (see Opening Brief, ECF No. 17, p. 2).

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (*quoting* Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved before a determination of disability can be made. See Smolen, 80 F.3d at 1292. In addition, The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971)); see also Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980).

For these reasons, remand is appropriate to allow the Administration the opportunity to consider properly all of the evidence anew as a whole. See Sample, 694 F.2d at 642. The Court therefore should grant judgment to plaintiff and remand this matter to the administration for further proceedings.

## CONCLUSION

Given the record and defendant's concessions, the Court recommends that the District Judge order the case be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Because of the errors in the ALJ's decision regarding review of the medical evidence, the administrative law judge assigned to this matter following remand should reevaluate the evidence as a whole, including the medical evidence supplied by Dr. Clark, as well as that supplied by Drs. Steele and Stanley. Plaintiff should be provided a new hearing and have the opportunity to appear, testify, submit additional evidence and make new arguments at this new administrative hearing. The administrative law judge assigned to this matter following remand should reevaluate the record anew as a whole, including plaintiff's impairments, credibility, residual functional capacity and ability to perform past relevant work or other work existing in significant numbers in the national economy. The administrative law judge on remand should make a new, full, sequential disability evaluation and should issue a new decision.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 8, 2011**, as noted in the caption.

Dated this 16th day of June, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4